UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SCOTT, | ) | CASE NO. 1: 12 CV 1163 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN COLEMAN, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. No. 21) recommending that the Court dismiss petitioner's pending Petition for a Writ of *Habeas Corpus* (Doc. No. 1) and deny two pending motions by petitioner for release from custody (Doc. Nos. 16, 19). Petitioner has filed objections to the Report and Recommendation. For the reasons stated below, the Report and Recommendation is accepted. **Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), the district court reviews *de novo* "any part of [a] magistrate judge's disposition that has been properly objected to." "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

**Background**

Petitioner challenges his conviction in *State of Ohio v. Scott*, Case No. CR 505742

1

(Cuyahoga County 2008). As explained by the Magistrate Judge, petitioner was indicted by the Cuyahoga County Grand Jury in 2008 on seventeen counts of rape and sexual abuse of two victims, petitioner's niece and grand-niece. The alleged crimes occurred over the course of different time frames, from 1984 through 1986 against the first victim and in 2007 against the second victim.

Trial began in state court on March 27, 2008. The jury returned verdicts of guilty on count 16 for gross sexual imposition and on count 17 for attempted rape. Petitioner was acquitted on counts 10-14. The state trial court declared a mistrial on counts 1-9 and 15 due to a hung jury. The trial court sentenced petitioner to five years' imprisonment on count 16 and six years' imprisonment on count 17, the sentences to run concurrently. The court also classified petitioner as a tier II sex offender with respect to count 16 and as a tier III sex offender with respect to count 17.

Petitioner appealed his conviction and sentence to the Ohio Court of Appeals, asserting eleven assignments of error. On July 12, 2010, the Ohio Court of Appeals journalized an opinion affirming the judgment of the trial court.

After filing motions for reconsideration with the Ohio Court of Appeals, which were denied, petitioner filed a *pro se* notice of appeal to the Ohio Supreme Court asserting two propositions of law. The state public defender's officer also filed a memorandum in support of jurisdiction in petitioner's case, asserting nine propositions law. The Ohio Supreme Court accepted jurisdiction as to two propositions of law in the public defender's brief: (1) that gross sexual imposition against a child under 13 is not a strict liability offense but must be recklessly performed; and (2) that the Adam Walsh Act does not apply to persons whose

2

offenses were committed prior to the act's effective date. The Ohio Supreme Court subsequently stayed the appeal and remanded petitioner's case to the Ohio Court of Appeals for application of the holdings in *State v. Williams*, 129 Ohio St.3d 344, 952 N.E.2d 1108 (Ohio 2011), and *State v. Dunlap*, 129 Ohio St.3d 461, 953 N.E.2d 816 (Ohio 2011). In applying *Williams*, the Ohio Court of Appeals found that petitioner's classification pursuant to the Adam Walsh Act was constitutional because the classification occurred after the enactment of the Ohio Senate Bill embodying the act. In applying *Dunlap*, the Ohio Court of Appeals found that (1) the *mens rea* element of sexual contact was "purpose," and (2) petitioner's indictment was permissible despite the absence of *mens rea* because it tracked the language of the offense statute and because the jury was properly instructed on the element of sexual contact in petitioner's case. The Ohio Court of Appeals therefore affirmed the judgment of the trial court. *State v. Scott*, No. 91890, 2011 WL 6150058 (Ohio App. Dec. 8, 2011).

The Ohio Supreme Court accepted jurisdiction over petitioner's appeal as to two propositions of law: (1) that the Adam Walsh Act does not apply to persons whose offenses were committed between July 1, 2007 and January 1, 2008 (the effective date of the act); and (2) that it is plain error to fail to instruct a jury that sexual contact requires a defendant to have a purpose to touch one of the erogenous zones described in Ohio Rev. Code § 2907.01(B). On December 13, 2012, the Ohio Supreme Court dismissed petitioner's second proposition of law as having been improvidently allowed but reversed the judgment of the Ohio Court of Appeals as to petitioner's first proposition of law on the basis of *In re Bruce S*, 134 Ohio St.3d 477, 983 N.E.2d 350 (Ohio 2012). The Ohio Supreme Court remanded the

case to the trial court for the "limited purpose" of holding sex-offender classification hearing pursuant to *In re Bruce S*. The Magistrate Judge noted in her R&R that the trial court had yet to act on the remand but that petitioner's *habeas* claims pertain only to his conviction not his sentence.

Petitioner filed the pending petition for a writ of *habeas corpus* on May 10, 2012 asserting four grounds for relief relating to his conviction: (1) his conviction was obtained by a violation of due process when the indictment failed to distinguish multiple identically worded counts; (2) there was insufficient evidence to sustain his conviction; (3) the convictions are against the manifest weight of evidence; and (4) his counsel was ineffective in failing to object to matters at trial and in failing to sever the trial of victim one from the trial of victim two.

**Discussion**

The Magistrate Judge fully analyzed all petitioner's claims and recommended that his petition be denied. The Magistrate Judge found that petitioner's claims were not cognizable on *habeas* review, were procedurally defaulted, or were without merit. Specifically, the Magistrate Judge found that all of petitioner's first ground for relief except the portion of the ground pertaining to counts 13 and 16 of the indictment, and the entirety of petitioner's third ground for relief are not cognizable on *habeas* review. (R&R at 14-19.) The Magistrate Judge found that the portion of petitioner's first ground pertaining to counts 13 and 16 which alleges that the indictment violated his protection against double jeopardy was procedurally defaulted. (*Id.* at 21-22.) And the Magistrate Judge found the remainder of petitioner's grounds for relief (that counts 13 and 16 of the indictment violated his due process rights, that

4

there was insufficient evidence to support his conviction, and for ineffective assistance of his trial counsel) to be without merit.  (*Id*. at 24-38.)

Petitioner states in his objection that he "disagrees" with the Magistrate Judge's determinations that his grounds for relief are procedurally defaulted or are without merit. However, petitioner does not demonstrate that the Magistrate Judge erred in any way in her analysis of his claims.  He makes the same arguments in his objections that he made before the Magistrate Judge.

Upon review, the Court accepts the Report and Recommendation of the Magistrate Judge and the conclusions and analysis set forth in the R&R.  The Magistrate Judge correctly determined that the pending petition for a writ of *habeas corpus* should be dismissed.

**Conclusion**

The Report and Recommendation of Magistrate Judge Vecchiarelli is hereby accepted and the analysis and conclusions of the Magistrate Judge are incorporated herein.  For the reasons stated by the Magistrate Judge, the pending petition for a writ of *habeas corpus* is hereby dismissed and petitioner's motions for release from custody are denied.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

     /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 5/10/13